UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SELENA A. C.,[1]

                                                 Plaintiff,           Case # 24-CV-6203-FPG

v.                                                                  DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                                 Defendant.

## INTRODUCTION

Plaintiff Selena C. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 8, 10. For the reasons that follow, Plaintiff's Motion for Judgment on the Pleadings is DENIED, the Commissioner's Motion for Judgment on the Pleadings is GRANTED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In February 2021, Plaintiff protectively applied for DIB and SSI with the Social Security Administration ("SSA"). Tr.[2] 17. She alleged disability since August 1, 2020. Tr. 321. The claim was initially denied on July 14, 2021, and upon reconsideration on October 13, 2021. Tr. 17. On

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 3.

September 20, 2022, and January 24, 2023, Administrative Law Judge Mark Solomon (the "ALJ") held a telephone hearing. Tr. 37–69. The ALJ issued a decision on February 8, 2023, finding that Plaintiff was not disabled. Tr. 17–30. Plaintiff requested review by the Appeals Council, but the request was denied on February 6, 2024. Tr. 1–3. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful

2

work activity. *See* 20 C.F.R. § 404.1520(b).[3] If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 ("Listing"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 404.1509, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)–(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

---

[3] Because the DIB and SSI regulations mirror each other, the Court only cites the DIB regulations. *See Chico v. Schweiker*, 710 F.2d 947, 948 (2d Cir. 1983).

3

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 19. At step two, the ALJ found that Plaintiff had severe impairments of idiopathic intercranial hypertension complicated by bilateral papilledema, migraine headaches, pseudotumor cerebri, and lumbar disorder. Tr. 19. At step three, the ALJ concluded that none of Plaintiff's impairments met or medically equaled one of the impairments in the Listing. Tr. 22–23.

Next, the ALJ found that Plaintiff had the RFC to perform light work with additional postural, environmental, and nonexertional limitations. Tr. 23. At step four, the ALJ determined that Plaintiff has no past relevant work. Tr. 28. At step five, the ALJ found that, given her age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform. Tr. 28. Accordingly, the ALJ found that Plaintiff is not disabled. Tr. 29.

### II. Analysis

Plaintiff argues that remand is warranted because the ALJ: (1) erred in his evaluation of the medical opinions and the prior administrative medical findings ("PAMFs"), ECF No. 8-1 at 11; (2) failed to sufficiently develop the record, *id.* at 19; and (3) failed to properly consider Plaintiff's subjective complaints, *id.* at 26. The Court analyzes each argument below.

#### a. Evaluation of the Medical Opinions and PAMFs

Plaintiff argues that the ALJ failed to properly consider the supportability and consistency of the medical opinions and the PAMFs under the regulations. *Id.* at 11–19. The Court disagrees.

20 C.F.R. § 404.1520c identifies several factors that an ALJ will consider when evaluating medical opinions, the most important of which are "supportability" and "consistency." 20 C.F.R. § 404.1520c(b)(2). The former pertains to the degree to which the medical source supports his or her opinion with "objective medical evidence and supporting explanations," while the latter pertains to the degree to which the opinion is consistent with "the evidence from other medical sources and nonmedical sources" in the record. *Id.* § 404.1520c(c)(1), (2). Where an ALJ's findings relating to the regulatory factors are reasonably supported by the record, they "must be given conclusive effect" even if "the administrative record may also adequately support contrary findings on particular issues." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010). Consequently, the mere fact that a claimant can identify other evidence to support a different assessment of the relevant factors does not entitle her to relief. *See Emery S. v. Comm'r of Soc. Sec.*, No. 20-CV-662, 2021 WL 2592363, at *4 (W.D.N.Y. June 24, 2021).

In July 2021, Dr. Harbinger Toor, an independent consultative examiner, evaluated Plaintiff and noted, in pertinent part, that she exhibited reduced grip strength and had 20/100 vision in both eyes. Tr. 679–82. Dr. S. Putcha, a state agency reviewing physician, assessed Plaintiff and concluded, in pertinent part, that she could stand and/or walk for four hours a day and sit for six hours in an eight-hour workday, had mild to moderate difficulty with fine manipulation, had limited near and far acuity, showed "marked improvement in papilledema" by taking medication, had no limitations to hazards, and should avoid loud noises due to headaches that subsided upon taking medication. Tr. 79–83. On reconsideration in October 2021, Dr. J. Randall, a state agency reviewing physician, largely affirmed Dr. Putcha's opinion but stated that Plaintiff could stand and/or walk for six hours in an eight-hour workday, had a vision of 20/70-3 and 20/60-2 when best corrected, and had occasional near and far visual acuity and field of vision. Tr. 118–22.

5

During the hearing, Dr. Lawrence S. Schaffzin, an impartial medical expert and board-certified ophthalmologist, testified. Tr. 43, 1110. Confirming that he had an opportunity to review the entirety of Plaintiff's medical records, Dr. Schaffzin opined, in pertinent part, that Plaintiff has been diagnosed with idiopathic intercranial hypertension complicated by bilateral papilledema, has minimal limitations of field of vision, has no limitations with near or far acuity, would be able to read normal size print, and should avoid heights, machinery, and ordinary hazards. Tr. 43–46. Plaintiff's non-attorney representative did not cross-examine Dr. Schaffzin. Tr. 46.

In concluding that Plaintiff has the RFC to perform light work with some limitations, the ALJ summarized Plaintiff's medical and treatment history. Tr. 24–26. The ALJ then adopted the less restrictive opinion of Dr. Schaffzin, which he found to be "fully persuasive." Tr. 27–28. Conversely, the ALJ found the more restrictive opinions of Dr. Toor to be "minimally persuasive," and the PAMFs of Dr. Putcha and Dr. Randall to be unpersuasive in part. Tr. 26–27.

On several grounds, Plaintiff contends that the ALJ erroneously handled the evaluation of the medical opinions and PAMFs. None of Plaintiff's arguments merits remand.

First, Plaintiff argues that the ALJ failed to properly consider the supportability factor for the opinion of Dr. Schaffzin who did not cite specific portions of the record during the hearing. ECF No. 8-1 at 11–19; ECF No. 11 at 3. An ALJ's failure to explain the supportability and consistency of a medical opinion in his decision constitutes a procedural error. 20 C.F.R. § 416.920c(b)(2). However, if a searching review of the record assures the court that "the substance of the regulation was not traversed," a court may affirm the Commissioner's decision despite the error. *Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293, at *2 (2d Cir. June 17, 2022) (brackets and citation omitted). Thus, even if an ALJ fails to explicitly evaluate consistency and supportability with respect to a particular medical opinion, remand is warranted only if

6

the reviewing court is "unable to fathom the ALJ's rationale in relation to [the] evidence in the record." *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982).  By contrast, if the reviewing court can "adequately 'glean' how the ALJ weighed the consistency and supportability factors," remand is not justified because the procedural error is considered harmless. *Davidia B. v. Comm'r of Soc. Sec.*, No. 21-CV-00384, 2023 WL 5361000, at *5 (W.D.N.Y. Aug. 22, 2023).

Here, the Court can adequately glean the ALJ's reason for concluding that Dr. Schaffzin's opinion was supported.  The ALJ found that Plaintiff's visual impairments do not meet or medically equal the severity of the impairments in the Listing. Tr. 22–23.  The ALJ affirmed this finding through the medical opinion of Dr. Schaffzin, an expert in ophthalmology, who "specifically analyzed the vision impairment listings under 2.00" and reviewed the entire record. Tr. 27–28.  The ALJ also found that Dr. Schaffzin's opinions were supported by the record, Tr. 28, which indicated, *inter alia*, that Plaintiff: (1) showed no significant limitations in her ability to read, other than fine print, and no limitations in near acuity, far acuity, or depth perception, Tr. 1036–37; (2) demonstrated normal motor strength, sensation, reflexes, coordination, and gait, Tr. 800, 1107–08; and (3) showed no limitations in attention and concentration and no work-schedule interferences related to her idiopathic intercranial hypertension, Tr. 800, 1107.

In this regard, Plaintiff's argument that Dr. Schaffzin's opinion lacks support because he did not specifically cite any portion of the record is unavailing. ECF No. 8-1 at 15.  Dr. Schaffzin testified that he reviewed the entire record and was able to discuss the details of Plaintiff's diagnosis and limitations based on his review.  Tr. 43–46.  As the ALJ noted, the record supports Dr. Schaffzin's opinion; his omission of specific references to the record does not detract from the overall persuasiveness of Dr. Schaffzin's opinion.[4]  By pointing to portions in the record that

---

[4] Rather, it is notable that Plaintiff's representative chose not to cross-examine Dr. Schaffzin during the hearing about his failure to cite specific portions of the record.  Tr. 46.

7

supported Dr. Schaffzin's findings, the ALJ provided a clear discussion of Dr. Schaffzin's opinion evidence concerning supportability.

Second, Plaintiff argues that the ALJ erred in evaluating Dr. Toor's opinion and the PAMFs. Specifically, Plaintiff claims that those findings are supported by the record with respect to her limitations in dexterity and visual acuity. ECF No. 8-1 at 16–19. Plaintiff further contends that the ALJ improperly rejected Dr. Randall's assessment of her visual limitations by mischaracterizing the record. *Id.* at 17. However, Plaintiff's arguments lack merit.

Substantial evidence in the record supports the ALJ's conclusion that Plaintiff does not have limitations in dexterity and visual acuity. The ALJ considered the supportability factor in Dr. Toor's opinion and the PAMFs related to Plaintiff's manipulative limitations. In finding Dr. Toor's opinion "minimally persuasive," the ALJ stated that "the longitudinal evidence of record shows no medically determinable impairments for the hands, wrists or fingers which would support any dexterity limit." Tr. 26. The ALJ also noted that Dr. Toor's opinion was unsupported by treatment records that indicated normal grip strength and dexterity. Tr. 26. Similarly, the ALJ found the opinions in the PAMFs that Plaintiff has "[l]imits for use of left hand [was] also unpersuasive as there is no medically determinable impairment" or "treatment records [that would] indicate any manipulative limits." Tr. 27. Substantial evidence thus supports the ALJ's findings.

The ALJ also considered the medical opinions related to Plaintiff's visual acuity. The ALJ discussed Plaintiff's medical history of her blurry vision and papilledema in both eyes. Tr. 24–26. The ALJ noted, and the record shows, that Plaintiff's vision and visual field were improving, Tr. 26, 671, 703, 1043, she could read except for small print, and she was prescribed with eyeglasses, Tr. 1036, 1038. Dr. Schaffzin opined that Plaintiff had no significant limitations to near or far acuity or depth perception in accordance with this record. Thus, the substantial evidence supports

the ALJ's findings. Even if the ALJ misstated the record, the error is harmless as the remainder of the ALJ's assessment is supported by substantial evidence in the record. *See Lebron v. Kijakazi*, No. 20-CV-9543, 2022 WL 3910682, at *3 (S.D.N.Y. Aug. 31, 2022); *see also Gogos v. Comm'r of Soc. Sec.*, No. 18-CV-1188, 2020 WL 128445, at *3 (W.D.N.Y. Jan. 10, 2020) ("It is the ALJ's job to resolve conflicting record evidence and the Court must defer to that resolution.").

Finally, Plaintiff argues that the ALJ erroneously failed to consider the consistency of Dr. Schaffzin's opinion, the "outlier," with Dr. Toor's opinion and the PAMFs that are consistent with each other. ECF No. 8-1 at 14–19. Yet, there is no requirement that the ALJ explicitly discuss the consistency of each medical opinion with each other. *See Villier on behalf of N.D.D.R. v. Comm'r of Soc. Sec.*, No. 23-893-CV, 2024 WL 2174236, at *3 (2d Cir. 2024) (summary order) ("To the extent [Claimant] faults the ALJ for failing to explicitly discuss the consistency of each medical opinion with specific other opinions, 'an ALJ need not recite every piece of evidence that contributed to the decision, so long as the record permits us to glean the rationale of an ALJ's decision.'" (brackets omitted) (citing *Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013) (per curiam))). Because the Court can adequately glean the ALJ's rationale for concluding that Dr. Schaffzin's opinion is consistent with the record as a whole, remand is not warranted. *See Davidia B.*, 2023 WL 5361000, at *5. Moreover, Plaintiff fails to demonstrate that "no reasonable factfinder could have reached the same conclusion as the ALJ." *Schillo v. Saul*, 31 F.4th 64, 69 (2d Cir. 2022). Therefore, the ALJ's findings "must be given conclusive effect even if the administrative record may also adequately support contrary findings on particular issues." *Tasha S. v. Comm'r of Soc. Sec.*, No. 20-CV-421, 2021 WL 3367588, at *5 (W.D.N.Y. Aug. 3, 2021) (internal quotation marks omitted); *see Lynette W. v. Comm'r of Soc. Sec.*, No. 19-CV-1168, 2021 WL 868625, at *4 (W.D.N.Y. Mar. 9, 2021).

For these reasons, remand is not warranted on this ground.

### b. Development of the Record

Plaintiff argues that the ALJ had an obligation to recontact Drs. Al Othman and Toor to clarify their opinions. ECF No. 8-1 at 19–25. The Court disagrees.

In July 2021, Dr. Toor examined Plaintiff and opined, in pertinent part, that Plaintiff had pain and headaches that "can interfere with her routine." Tr. 679–82. In September 2022, Dr. Bayan Ali Mahmoud Al Othman, Plaintiff's treating eye specialist, submitted a one-page letter that states he has treated Plaintiff since 2020 for benign intercranial hypertension and that he "support[s] her request for disability only in regards for her headaches and vision difficulties." Tr. 1022. The ALJ found Dr. Toor's opinion to be unpersuasive as vague, speculative, and inconsistent with Dr. Schaffzin's assessment. Tr. 26–27. The ALJ likewise found Dr. Al Othman's opinion unpersuasive for its conclusory nature and failure to provide a function-by-function analysis of Plaintiff's work-related functional limits. Tr. 27.

Here, the ALJ had no duty to recontact Drs. Al Othman or Toor. *See Schillo*, 31 F.4th at 76 (rejecting the argument that an ALJ is "duty bound to obtain a more detailed and clarified statement from [a treating physician] before rejecting statements due to vague, undefined terms" (internal quotation marks omitted)). The ALJ considered the record as a whole, which included PAMFs, treatment notes, and Plaintiff's testimony. The record and Dr. Schaffzin's opinion reasonably support the ALJ's finding that Plaintiff's vision does not present significant limitations for the reasons set forth in Section II.a, *supra*. The ALJ extensively discussed Plaintiff's history of headaches, including treatment records that indicated medication helped her migraines and that her headaches improved over time. Tr. 24–26. The ALJ noted Dr. Toor's findings about Plaintiff's

10

ability to cook, clean, do laundry, and shop as needed, and independently shower and dress.  Tr. 21, 25.  Therefore, the evidence in the record that the ALJ reviewed is complete and consistent.

Because the record is complete and consistent, the ALJ did not err by failing to recontact Drs. Al Othman and Toor.  *See Darci H. v. Comm'r of Soc. Sec.*, No. 21-CV-877, 2024 WL 1721333, at *5 (W.D.N.Y. Apr. 22, 2024) ("There is no absolute obligation or duty to recontact a medical source under the regulations, particularly when the evidence in the record is complete and consistent"); *Lisa S. v. Comm'r of Soc. Sec.*, No. 24-CV-6338, 2025 WL 1593294, at *5 (W.D.N.Y. June 5, 2025).  This is especially so as Dr. Al Othman submitted "barebones medical opinions" that lacked detail to warrant the ALJ to provide more than a brief assessment of the medical opinion.  *Tiffany T. v. Comm'r of Soc. Sec.*, No. 22-CV-00626, 2023 WL 10949091, at *10 (D. Conn. Sept. 1, 2023).  Similarly, the ALJ did not err by failing to recontact Dr. Toor about his opinion of absenteeism.  Only Dr. Toor discussed the possibility of Plaintiff's headaches interfering with her routine, which is inconsistent with the record where Dr. Toor himself assessed Plaintiff's ability to sustain her ordinary routine.  *See Chevalier v. O'Malley*, No. 23-CV-2701, 2024 WL 4264901, at *17 (S.D.N.Y. Aug. 8, 2024) (finding no error where the only opinion suggesting absenteeism was inconsistent with the record and unsupported by the expert's own objective findings (citing *Collado v. Kijakazi*, No. 20-CV-11112, 2022 WL 1960612, at *10 (S.D.N.Y. June 6, 2022)).

For these reasons, remand is not warranted on this ground.

### c. Consideration of Plaintiff's Subjective Complaints

Plaintiff contends that the ALJ erred by failing to consider the limitations that result from her "pain, headaches, and sensitivity to light."  ECF No. 8-1 at 25–30.  The Commissioner argues that the ALJ properly concluded that Plaintiff's subjective statements were not entirely consistent

11

with the medical and other evidence and that substantial evidence in the record supports the ALJ's finding.  ECF No. 10-1 at 14–17.  The Court agrees with the Commissioner.

Here, the ALJ did consider Plaintiff's limitations resulting from her migraine headaches, including repeated complaints of migraines and sensitivity to loud noises and light.  Tr. 24–25.  Nevertheless, based on other evidence in the record, the ALJ found that Plaintiff's migraines improved over time or were alleviated with medication, Tr. 24–26, and restricted her to work with quiet noise environments, Tr. 27, 29.  Accordingly, Plaintiff's argument that the ALJ failed to consider limitations arising from her headaches lacks merit, and remand is not warranted on this ground.

## CONCLUSION

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 8) is DENIED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 10) is GRANTED.  The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 2, 2026
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York